ROANOKE COUNTY PUBLIC SERVICE AUTHORITY

V.

BETSY HARR CHANEY

January 16, 1981.

Record No. 790016.

Present: All the Justices.

W. H. Jolly (Jolly, Fralin & Clemens, on briefs), for appellant.
Robert P. Doherty, Jr. (Charles B. Phillips; Phillips & Doherty, on brief), for appellee.

PER CURIAM.

In a motion for judgment filed below, the plaintiff, Betsy Harr Chaney, sought damages from the defendant, Roanoke County Public Service Authority, for injury to property caused when backups from the defendant's sewer line flooded the basement of the plaintiff's home. The plaintiff alleged that she was entitled to recover because the defendant had "contracted with" her to provide "continuing sewage disposal services" but had breached its "contractual obligations" by constructing, installing, and operating the sewer line improperly. In its responsive pleading, the defendant denied the breach of any contractual duty owed the plaintiff.*

At trial, the defendant's motions to strike the plaintiff's evidence were denied, and the case was submitted to a jury. A verdict of $7,500 in favor of the plaintiff was confirmed by the trial court. On appeal, the sole question for decision is whether the evidence was sufficient to create a jury issue of the defendant's alleged breach of contract.

The evidence shows that the plaintiff's home was connected to the defendant's sewer line sometime prior to 1973. In the period from

---

* From research, it appears that claims of damage for defective design, maintenance, or operation of sewer lines uniformly are decided by application of principles of tort law. E.g., Chalkley v. City of Richmond, 88 Va. 402, 14 S.E. 339 (1891). Because, however, the present case was tried below on the theory the plaintiff was entitled to recover if she proved a breach by the defendant of a contractual obligation, we will consider the case on the same theory.

May of that year to November, 1977, the basement of the home was flooded 13 times.

The evidence shows further that the defendant's line had a capacity of 480,000 gallons per day. At times pertinent to this case, the line carried only 259,000 gallons of sewage per day, leaving 221,000 gallons unused capacity. In periods of heavy rainfall, however, storm water from illegally connected downspout, areaway, and basement drains entered the sewer line, exceeding its capacity and causing its contents to back up into the plaintiff's basement. Storm drains on the plaintiff's premises were among those connected illegally to the sewer line.

The plaintiff contends that an implied contract existed between her and the defendant whereby the latter agreed "to provide reasonable sewer service in return for a monthly payment. . . ." She says she made the required monthly payments, but the defendant failed to provide reasonable service. Thus, the plaintiff maintains, the defendant breached the contract and is liable for the damage she suffered.

■ We do not agree with the plaintiff that she established a breach by the defendant of a contractual obligation owed her. The facility operated by the defendant consisted of a sanitary sewerage system, not a storm drainage project. The defendant's undertaking was to provide the plaintiff and its other customers reasonable service in disposing of *sewage* generated on their premises. It is undisputed that the defendant's line was of more than sufficient capacity to carry off this sewage and that no act of omission or commission by the defendant in disposing of sewage *alone* caused the plaintiff injury.

■ The plaintiff suffered damage only when storm water was diverted into the sanitary sewerage system illegally and the line's capacity was exceeded. The defendant's undertaking to the plaintiff, however, did not encompass the obligation to dispose safely of storm water she introduced into the system wrongfully. Indeed, we believe there was an implied obligation resting upon the plaintiff and the other users of the line to refrain from diverting storm water into the sanitary sewerage system. Uncontradicted evidence established the breach of this latter obligation to the extent that the system overflowed and flooded the plaintiff's basement. Hence, the plaintiff's damage resulted not from contractual default by the defendant but from a breach participated in by the plaintiff herself.

■ Even so, the plaintiff suggests, she should still be permitted to recover because the defendant failed to seek "necessary legal assistance" to prevent her and the other users of the line from contributing

to the "overflow capacity in [the] sanitary sewer system." We reject this suggestion.

Because the evidence was not sufficient to create a jury issue of the defendant's alleged breach of contract, it was error to submit the case to the jury. Accordingly, the judgment appealed from will be reversed, and final judgment will be entered here in favor of the defendant.

*Reversed and final judgment.*